IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

SHARRODRICK DUNN                                                                           PLAINTIFF

      v.                         Civil No. 1:07-cv-01005

SHERIFF JAMES ROBINSON;
JAIL ADMINISTRATOR DAVID
OLIVER; and JAILER DEBRA BAKER                                                 DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

      Plaintiff, Sharrodrick Dunn (hereinafter Dunn), filed this civil rights action on January 23, 2007. He proceeds *pro se* and *in forma pauperis.* Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

      By notice dated April 17, 2008 (Doc. 26), this case was set for an evidentiary hearing on July 24, 2008. Dunn was paroled from the Arkansas Department of Correction in June of 2008. He failed to notify the court of his parole and failed to notify the court of his new address upon his release.

      At Dunn's request, I have issued writs for five separate witnesses (Doc. 30, Doc. 31, Doc. 32, Doc. 33, and Doc. 34). I have also issued subpoenas for two more witnesses (Doc. 34).

      I was able to learn Plaintiff's address only by having a member of my staff contact the Arkansas Department of Community Correction. A change of address was entered on Dunn's behalf (Doc. 37). A telephone message was also left for Dunn that same day by a member of my staff advising Dunn he needed to contact the court immediately about his case.

      A show cause order was entered on July 14th (Doc. 38). Dunn was directed to show cause why this action should not be dismissed based on his failure to keep the court informed of his current address and phone number and his failure to prosecute this action. Dunn was reminded that he had

an obligation at all times to keep the court and opposing counsel informed of his current address and phone number. Dunn was given until Monday, July 21, 2008, at noon to respond to the show cause order. Dunn was advised that if no response was filed to the show cause order by noon on July 21st, the evidentiary hearing would be canceled and I would recommend that this case be dismissed based on Plaintiff's failure to keep the court informed of his current address, his failure to prosecute this case, and his failure to obey an order of this court.

No response to the show cause order was received. Dunn did not contact the court in writing or verbally. He did not request an extension of time to respond to the show cause order. An order is being entered canceling the evidentiary hearing, canceling the writs of habeas corpus ad testificandum, and canceling the subpoenas that were issued on Dunn's behalf.

I recommend that this case be dismissed based on Dunn's failure to prosecute this action and his failure to obey the order of the court. Fed. R. Civ. P. 41(b).

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of July 2008.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE